# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LEO DUNCKLEY, | CASE NO. 16cv942-LAB (WVG) |
|---|---|
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| THE PEOPLE, | |
| Defendant. | |

This case arises out of a traffic citation issued to Leo Dunckley. He alleges he "received a citation for allegedly violating a [California] vehicle code," "was convicted in the San Diego Superior Court," and then he appealed through the San Diego Superior Court Appellate Division, the California Court of Appeal, and the California Supreme Court. (Docket no. 1.) He contends that the citation violated the U.S. Constitution. (*Id.*) Dunckley has not prepaid the filing fees required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (Docket no. 2.)

**Motion to Proceed IFP**

The Court has reviewed Dunckley's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain a civil action. *See* CivLR 3.2(d). The motion to proceed IFP is therefore **GRANTED**.

/ / /

**Screening**

A complaint filed by any person proceeding IFP is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Through this lawsuit, Dunckley effectively seeks review of a state court decision. But, under the *Rooker-Feldman* doctrine, federal district courts may not exercise appellate jurisdiction over state court final judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). And review of state court decisions may be conducted *only* by the United States Supreme Court. *Feldman*, 460 U.S. at 476, 486; *Rooker*, 263 U.S. at 416. The *Rooker-Feldman* doctrine applies even when the challenge to the state court decision involves federal constitutional issues. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). Thus, Dunckley fails to state a claim upon which relief may be granted by this Court.

This case is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

DATED: April 22, 2016

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge